**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KRANTHI SAGAR PACHIKORU,

        Plaintiff,

    v.

VERTEX PHARMACEUTICALS INC.,

        Defendant.

Civil Action No: 4:25-cv-40184-MRG

### DEFENDANT'S [UNOPPOSED] MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS IN EXCESS OF 20 PAGES

Defendant Vertex Pharmaceuticals Incorporated ("Defendant" or "Vertex") hereby requests leave of this Court, with Plaintiff's consent, to exceed the twenty-page limit for its Memorandum in Support of Defendant's Motion to Dismiss, as set forth by Local Rule 7.1(b)(4), by five pages. As grounds for this Motion, Vertex states:

1. This action arises out of Plaintiff Kranthi Sagar Pachikoru's ("Plaintiff") employment relationship with Defendant. Plaintiff is proceeding *pro se*.

2. Plaintiff's Complaint spans more than 190 paragraphs and includes eight Counts, in which Plaintiff purports to assert numerous causes of action, including claiming wrongful termination in violation of public policy (Counts I and VI), fraudulent inducement and fraudulent misrepresentation (Counts II and III), violation of 42 U.S.C. § 1981 (Count IV), violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589, 1595 (Count V), promissory estoppel (Count VII), and intentional infliction of emotional distress (Count VIII).

3. Within these eight Counts, Plaintiff sets forth ten individual claims to be addressed separately in Defendant's Memorandum. For example, in Count IV, Plaintiff purports to assert

claims for race discrimination, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981 – three distinct claims that are each governed by different legal standards.

4.      Defendant seeks to move to dismiss Plaintiff's Complaint in its entirety for failure to state a claim. Addressing Plaintiff's factual allegations and the distinct legal deficiencies of each claim in a clear and organized manner requires five additional pages beyond the twenty-page limit.

5.      Defendant has made every effort to present its arguments concisely, but the additional pages requested are necessary to fully address the facts and theories of liability contained in the Complaint and to adequately set forth the multiple legal grounds for dismissal. The information contained in the five additional pages of Defendant's Memorandum is necessary to the adjudication of Defendant's Motion to Dismiss and will be instructive to the Court in resolving the Motion.

WHEREFORE, Defendant respectfully requests leave, with Plaintiff's consent, to exceed the twenty-page limit by five pages in its Memorandum of Law in Support of Defendant's Motion to Dismiss, to consist of no more than twenty-five pages.

Dated:  February 10, 2026

Respectfully submitted,

VERTEX PHARMACEUTICALS INC.,

By its Attorneys,

/s/ *Lynn A. Kappelman*
Lynn A. Kappelman (BBO # 642017)
lkappelman@seyfarth.com
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

3

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on February 9, 2026 counsel for Defendant conferred with Plaintiff regarding the issues raised in this Motion. Plaintiff stated that he does not oppose the request raised in this Motion.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on February 10, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman