**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KRANTHI SAGAR PACHIKORU,<br><br>Plaintiff,<br><br>v.<br><br>VERTEX PHARMACEUTICALS INC.,<br><br>Defendant. | Civil Action No: 4:25-cv-40184-MRG |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Vertex Pharmaceuticals Incorporated ("Defendant" or "Vertex") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint in its entirety, with prejudice. Defendant's Memorandum of Law accompanying this Motion explains the grounds for dismissal in more detail.

*First*, Plaintiff's claims for wrongful termination in violation of public policy ("WTPP") (Counts I and VI) fail because Plaintiff does not, and cannot, identify a public policy to support a WTPP claim under Count I, and Plaintiff admits he did not file a written rebuttal, as statutorily required, for Count II. Counts II and VI also fail from the outset because Vertex did not terminate Plaintiff's employment, constructively or otherwise.

*Second*, the Fraudulent Inducement and Fraudulent Misrepresentation claims (Counts II and III) fail because Plaintiff does not plausibly allege Vertex lacked the present intent to sponsor his green card nor does he plausibly allege reliance on Vertex's alleged misrepresentations to the U.S. Department of Labor ("US DOL") and U.S. Citizenship and Immigration Services ("USCIS") as true. Furthermore, Plaintiff failed to meet the heightened pleading standard with respect to Count II.

*Third*, Plaintiff's claims under 42 U.S.C. § 1981 (Count IV) fail because Plaintiff pleads no facts showing Vertex made decisions because of his race, or that he was subject to harassment. Likewise, Plaintiff alleges no protected activity under Section 1981 and no adverse action causally tied to such activity.

*Fourth*, Plaintiff's claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA") (Count V) fails because Plaintiff's factual allegations do not even begin to suggest that Plaintiff – a highly sophisticated professional – was subject to forced labor.

*Fifth*, Plaintiff's promissory estoppel claim (Count VII) fails because Plaintiff fails to adequately allege that Vertex promised to unconditionally sponsor his immigration status or show reasonable reliance on Vertex's commitment to his detriment because Plaintiff's green card sponsorship process ended due to his failure to fulfill the requirements of Vertex's U.S. Immigration Policy, and Vertex did in fact sponsor his green card.

*Finally*, Plaintiff's intentional infliction of emotional distress ("IIED") claim (Count VIII) fails because, among other reasons, it is barred by the Massachusetts Workers' Compensation Act.

Accordingly, Defendant requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and grant such further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant respectfully requests that the Court grant a hearing on this Motion because oral argument will assist the Court in deciding the issues raised herein.

Dated:  February 10, 2026

Respectfully submitted,

VERTEX PHARMACEUTICALS INC.,

By its Attorneys,

/s/ *Lynn A. Kappelman*
Lynn A. Kappelman (BBO # 642017)
lkappelman@seyfarth.com
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Facsimile:     (617) 946-4801

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Defendant have conferred with Plaintiff and have attempted in good faith to resolve or narrow the issues raised in this Motion.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on February 10, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

4