**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KRANTHI SAGAR PACHIKORU,

        Plaintiff,

    v.

VERTEX PHARMACEUTICALS INC.,

        Defendant.

Civil Action No: 4:25-cv-40184-MRG

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN EXCESS OF 20 PAGES**

Defendant Vertex Pharmaceuticals Incorporated ("Defendant" or "Vertex") hereby requests leave of this Court, with Plaintiff's consent, to exceed the twenty-page limit for its Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), as set forth by Local Rule 7.1(b)(4), by eight pages. As grounds for this Motion, Vertex states:

1.    This action arises out of Plaintiff Kranthi Sagar Pachikoru's ("Plaintiff") employment relationship with Defendant. Plaintiff is proceeding *pro se*.

2.    Plaintiff filed his original Complaint in this action on November 12, 2025 and served Defendant on January 10, 2026. (ECF Nos. 1, 10.)

3.    On February 10, 2026, Defendant moved to dismiss the original Complaint in its entirety. (ECF Nos. 14-15.)

4.    On March 3, 2026, in response to Defendant's motion to dismiss, Plaintiff filed his FAC. (ECF Nos. 17-18.)

5.    The FAC expands on the original Complaint in length and legal claims. (ECF No. 18.) The original Complaint contained approximately 190 paragraphs (ECF No. 1), whereas the FAC spans

more than 270 lengthy paragraphs, many of which contain numerous subparts, and includes nine Counts, in which Plaintiff asserts numerous causes of action, including fraudulent misrepresentation (Counts I and II), violation of 42. U.S.C. § 1981 (Count III), intentional infliction of emotional distress (Count IV), violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589, 1595 (Count V), wrongful termination in violation of public policy (Counts VI and VII), promissory estoppel (Count VIII), and violation of the Massachusetts Wage Act, M.G.L. c. 149 §§ 148, 150 (Count IX).

6.    Within these nine Counts, Plaintiff sets forth eleven individual claims to be addressed separately in Defendant's Memorandum. For example, in Count III, Plaintiff attempts to assert claims for disparate treatment, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981 – three distinct claims that are each governed by different legal standards.

7.    Defendant seeks to move to dismiss Plaintiff's FAC in its entirety for failure to state a claim. Addressing Plaintiff's factual allegations and the distinct legal deficiencies of each claim in a clear and organized manner requires eight additional pages beyond the twenty-page limit.

8.    Defendant has made every effort to present its arguments concisely, but the additional pages requested are necessary to fully address the facts and theories of liability contained in the FAC and to adequately set forth the multiple legal grounds for dismissal. The information contained in the eight additional pages of Defendant's Memorandum is necessary to the adjudication of Defendant's Motion to Dismiss Plaintiff's FAC and will be instructive to the Court in resolving the Motion.

WHEREFORE, Defendant respectfully requests leave, with Plaintiff's consent, to exceed the twenty-page limit by eight pages in its Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, to consist of no more than twenty-eight pages.

Dated:  March 31, 2026

Respectfully submitted,

VERTEX PHARMACEUTICALS
INCORPORATED,

By its Attorneys,


/s/ *Lynn A. Kappelman*

Lynn A. Kappelman (BBO # 642017)
lkappelman@seyfarth.com
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)</u>

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on March 27, 2026, counsel for Defendant conferred with Plaintiff regarding the issues raised in this Motion. Plaintiff stated that he does not oppose the request raised in this Motion.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

## <u>CERTIFICATE OF SERVICE</u>

I, Lynn A. Kappelman, hereby certify that on March 31, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman
