**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KRANTHI SAGAR PACHIKORU,

        Plaintiff,

v.

VERTEX PHARMACEUTICALS INC.,

        Defendant.

Civil Action No: 4:25-cv-40184-MRG

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Vertex Pharmaceuticals Incorporated ("Defendant" or "Vertex") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice. Defendant's Memorandum of Law accompanying this Motion explains the grounds for dismissal in further detail.

*First*, Plaintiff's claims for fraudulent misrepresentation (Counts I and II) fail because Plaintiff does not plausibly allege Vertex lacked the present intent to sponsor his green card nor does he plausibly allege reliance on Vertex's alleged misrepresentations to the U.S. Department of Labor ("DOL") and U.S. Citizenship and Immigration Services ("USCIS") as true. Plaintiff also fails to meet the heightened pleading standard in Count I.

*Second*, Plaintiff's claims under 42 U.S.C. § 1981 (Count III) fail because Plaintiff fails to plead facts showing Vertex made decisions because of his race, or that he was subject to severe or pervasive harassment. Likewise, Plaintiff alleges no protected activity under Section 1981 and no adverse action causally tied to such activity.

*Third*, Plaintiff's intentional infliction of emotional distress ("IIED") claim (Count IV) fails because, among other reasons, it is barred by the Massachusetts Workers' Compensation Act.

*Fourth*, Plaintiff's claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA") (Count V) fails because Plaintiff's factual allegations do not even begin to suggest that Plaintiff—a highly sophisticated professional—was subject to forced labor.

*Fifth*, Plaintiff's claims for wrongful termination in violation of public policy ("WTPP") (Counts VI and VII) fail because Plaintiff does not, and cannot, identify a public policy to support a WTPP claim under Count VI, and Plaintiff admits he did not file a written rebuttal, as statutorily required, for Count VII. Counts VI and VII also fail from the outset because Vertex did not terminate Plaintiff's employment, constructively or otherwise.

*Sixth*, Plaintiff's promissory estoppel claim (Count VIII) fails to adequately allege that Vertex promised to unconditionally sponsor his immigration status or show reasonable reliance on Vertex's commitment to his detriment because Vertex did in fact sponsor his green card; it was Plaintiff's resignation that ended that process.

*Finally*, Plaintiff's claim under the Massachusetts Wage Act (Count IX) fails because Plaintiff fails to plausibly allege that Vertex paid him any wages in an untimely manner.

Accordingly, Defendant requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and grant such further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant respectfully requests that the Court grant a hearing on this Motion because oral argument will assist the Court in deciding the issues raised herein.

Dated: March 31, 2026

Respectfully submitted,

VERTEX PHARMACEUTICALS
INCORPORATED,

By its Attorneys,

/s/ *Lynn A. Kappelman*
Lynn A. Kappelman (BBO # 642017)
lkappelman@seyfarth.com
Christopher W. Kelleher (BBO # 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on March 24, 2026, counsel for Defendant conferred with Plaintiff and attempted in good faith to resolve or narrow the issues raised in this Motion.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on March 31, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

4