UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

KRANTHI SAGAR PACHIKORU,
Plaintiff,

v.

VERTEX PHARMACEUTICALS INC.,
Defendant.

Civil Action No.: 4:25-CV-40184-MRG

**ORAL ARGUMENT
REQUESTED**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Plaintiff Kranthi Sagar Pachikoru ("Mr. Pachikoru" or "Plaintiff"), proceeding *pro se*, respectfully moves for leave to file a surreply of no more than seven (7) pages, in the form attached as Exhibit A, in response to Defendant Vertex Pharmaceuticals Inc.'s ("Defendant" or "Vertex") Reply (ECF 32). This Motion is unopposed pursuant to the parties' stipulation memorialized at ECF 30 ¶4.

1. Vertex's Reply (ECF 32) was filed on May 8, 2026. Per ECF 30 ¶4, the parties agreed that Plaintiff would file an unopposed request for leave to file a surreply of no more than seven (7) pages within fourteen (14) days after Vertex's Reply.

2. A surreply is warranted under this District's three-prong standard: a surreply may (a) answer a new argument first raised in reply, (b) address a new authority first cited in reply, or (c) correct a mischaracterization first made in reply. ECF 32 triggers all three:

    a. **New Arguments Raised For The First Time in Reply** — including a categorical "skilled-professional" limitation on TVPRA § 1589 (ECF 32 at 2); a "common sense"

1

inference that upfront sponsorship costs negate coercive intent (ECF 32 at 4); and a new Wage Act contention (ECF 32 at 7) that *Reuter v. City of Methuen,* 489 Mass. 465 (2022) — Plaintiff's own Opposition authority — does not support ESPP conversion, a position the Opposition never advanced (see ECF 28 at 28 & n.32). New arguments in reply are forfeited. *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990).

b. **New Authorities Cited For The First Time in Reply:** The substantial majority of authorities cited in ECF 32 are first raised in reply, including the immigration-law authorities *Matter of Dhanasar*, 26 I. & N. Dec. 884 (AAO 2016); *Matter of Chawathe*, 25 I. & N. Dec. 369 (AAO 2010); and *Matter of Rajah*, 25 I. & N. Dec. 127 (BIA 2009); and the federal-court authorities *Forsythe v. Wayfair Inc.*, 27 F.4th 67 (1st Cir. 2022); *Brandt v. Fitzpatrick*, 957 F.3d 67 (1st Cir. 2020); *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647 (2021); *Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*, 421 F.3d 1 (1st Cir. 2005); and *United States v. Dann*, 652 F.3d 1160 (9th Cir. 2011).

c. **Mischaracterizations of Pleaded Text:** ECF 32 at 3 n.4 asks the Court to construe the pleaded word "mostly" as "most likely" — a request to redraft well-pleaded text foreclosed by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), and *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). ECF 32 further conflates FAC ¶¶39 and 118 (two non-overlapping periods), misreads FAC ¶223 and ¶¶232(a), 238, and recasts *Lyu v. Alfa Chemistry Inc.*, 2025 WL 1093134, at *12, as a New York-law case (ECF 32 at 2 n.3).

3. The proposed surreply addresses only matters raised in the Reply. It does not relitigate matters fully briefed in ECF 28.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Pursuant to L.R. 7.1(a)(2), the parties' positions on the relief requested herein are set forth at ECF 30 ¶4, which the Court so-ordered at ECF 31 on May 8, 2026. Plaintiff additionally provided Defendant's counsel written notice of this filing on May 15, 2026. No further conferral is required.

**CONCLUSION**

Plaintiff respectfully requests that this Court grant leave to file the surreply attached as Exhibit A.

Dated: May 18, 2026

Respectfully submitted,

/s/ Kranthi Sagar Pachikoru

_____

Kranthi Sagar Pachikoru

Plaintiff, Pro Se
2 Congress St, Ste 18
Milford, MA 01757
Phone: 571-570-3607
Email: kranthi@tuta.io

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth above, the foregoing document was filed through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kranthi Sagar Pachikoru

_____

Kranthi Sagar Pachikoru
Plaintiff, Pro Se