UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KRANTHI PACHIKORU, Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:25-cv-40184-MRG Pages 1 to 9 |
| VERTEX PHARMACEUTICALS, INC., Defendant. | ) | |

BEFORE THE HONORABLE JUDGE MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

STATUS CONFERENCE

May 18, 2026
2:00 p.m.

Harold D. Donohue Federal Building and U.S. Courthouse
Courtroom No. 2
595 Main Street
Worcester, Massachusetts

Jessica M. Leonard, CSR, FCRR
Official Court Reporter
United States District Court of Massachusetts
595 Main Street
Worcester, MA 01608
Jessica@wickedsteno.com APPEARANCES:

On Behalf of the Plaintiff:

By: Kranthi Sagar Pachikoru
2 Congress St
Ste 18
Milford, MA 01757
571-570-3607
Email: Kranthi@tuta.io

SEYFARTH SHAW
By: Lynn A. Kappelman
2 Seaport Lane
Suite 1200
Boston, MA 02210-2028
617-946-4888
Lkappelman@seyfarth.com

On Behalf of the Defendant:

SEYFARTH SHAW
By: Christopher Kelleher
Two Seaport Lane
Suite 1200
Boston, MA 02210
617-946-4811
Ckelleher@seyfarth.com

**STENOGRAPHER'S NOTE:** All quotations from exhibits or other documents are transcribed as they were read into the record and do not necessarily reflect the exact wording of the original document.

Quotation marks in the transcript are used for readability and stylistic purposes and may not represent a direct quote.

Proceedings reported and produced by computer-aided stenography.

**P R O C E E D I N G S**

THE CLERK: This is Civil Action No. 25-40184, *Kranthi Pachikoru V. Vertex Pharmaceuticals, Incorporated*.

Counsel and party, would you please note your appearance for the record beginning with the Plaintiff.

MR. PACHIKORU: Sorry, can you come again? I didn't really understand.

THE COURT: Sure. Could you just introduce yourself for the record?

MR. PACHIKORU: Yes. So my name is Kranthi Pachikoru, I'm the plaintiff. I filed the case against Vertex.

THE COURT: Good afternoon, sir. Thank you for being here.

ATTORNEY KAPPELMAN: Good afternoon, Your Honor. Lynn Kappelman from Seyfarth Shaw on behalf of Vertex Pharmaceuticals, Inc., the defendant, and I'm here with my colleague Chris Kelleher.

ATTORNEY KELLEHER: Good afternoon, Your Honor.

THE COURT: Good afternoon to all of you. Thank you all very much.

Are there some difficulties in completing the scheduling request, scheduling order?

ATTORNEY KELLEHER: I can speak to that, Your Honor. There's been a dispositive motion filed and so no 26(f) conference has been scheduled. However, we requested an early

status conference to discuss not necessarily scheduling with respect to discovery, but other matters for today.

THE COURT: All right. So the defendant's motion to dismiss has been filed. I think you referenced it or you're aware of it, Mr. Pachikoru. You're aware of that?

MR. PACHIKORU: Yes, Judge.

THE COURT: Hold on just a moment.

So I'm sorry. We did read through all of the filings. What is it that we can do to help the parties move this issue forward? I'll hear from you Attorney Kappelman.

ATTORNEY KAPPELMAN: Thank you, Your Honor.

First, I think Plaintiff has requested leave to file a surreply with respect to the motion to dismiss. We filed the motion to dismiss. He filed a lengthy opposition. We filed a reply brief and he's requested leave to file a surreply. We have not objected to that, so that's the current status of the briefing.

The reason we requested this status conference was that we're very mindful of Plaintiff's pro se status and so we want to be careful about what we say to him and how we talk to him. And we thought it might be best -- since he was indicating to us initially that damages was not what he was seeking but some sort of other immigration relief, that it might be best if you had a conversation with Plaintiff about exactly what he was seeking in this pro se action. Because

we're mindful of the fact that we are not in a position to do that with a pro se opponent.

THE COURT: I'm going to take a moment on this.

(Judge Guzman consults with her staff.)

THE COURT: All right. Let me just start by saying that if there's no objection, then the Court does not oppose the plaintiff filing a surreply. That's fine. And I think what we ought to do before we leave here is schedule this matter for a hearing, an in-court hearing. I'll read all the filings, but I want to give all the parties, including the plaintiff, an ability to literally be heard in court. So we'll schedule that.

But let me just address something unusual about this. So Mr. Pachikoru, you're filing -- your suit will be based on its merits. If it's insufficient and the parties oppose it, it could be dismissed. You could be allowed to refile an amended. It could make it past dismissal and subject to summary judgment. There could be discovery and depos. This is a civil action in which you have chosen to represent yourself and you are held to -- there's all kinds of sources, information, about how to -- what the different stages of a federal lawsuit require of the parties.

I would say that if you make statements to opposing counsel, that you're probably having conversations with them that would include information that you would never have if you

had your own lawyer. You'd have this conversation with your lawyer. And you are lucky in that what you drew were two lawyers who are extremely ethical and experienced, which means they're always in the worst position, because they will play very hard by the rules but don't want to take advantage of you.

You have to be very clear about what you want; and if you're negotiating for something that is outside of the scope of the lawsuit, that's probably improper here. Right? So I would suggest that that's a conference you would have with a lawyer who might actually be able to pursue something for you, if that's what you wanted and they thought there was some legality to it. But you have to keep this matter to the four corners of the very deeply written and fact-driven lawsuit that you have filed.

What you get is not what you file. You're filing for a claim and the reward for that or how you get that is when you're sued or you can negotiate a settlement, that's great. But you have to be careful not giving information that if you -- you don't have a confidential relationship with these people, which means that anything you say could potentially be used against you if the matter went to a trial.

So two things we're going to do here today: one, we're going to set it down for a hearing on the motion to dismiss. And second, I'm going to suggest that if you believe that there's something within their power that would be

amenable to you to settle this matter, you certainly can have a conversation about that in the framework of potentially if we settle this what -- you can negotiate however you want. But if you tell them something and it's not part of a filing and it is not protected, it can be used against you, sir. So please bear that in mind.

So what I want to get away from this right now is just a date for hearing on the motion to dismiss and we'll have that, as I said, in court.

Do we have some time frame that everybody can be -- has some thought that they might be ready and prepared for this argument?

ATTORNEY KAPPELMAN: Yes, Your Honor. My only issue is there's a couple -- there's one week in July that I'm not available because I'm traveling. But other than that, we can make ourselves available at the Court's request.

THE COURT: All right. And Attorney Kelleher, your schedule?

ATTORNEY KELLEHER: I'll be out of the country from June 25th to July 5th, I believe.

THE COURT: Those are probably not going to be potential dates in any event, but that's good.

And, sir, are there dates that are not good for you this summer? Like periods of time? Are you planning on being away in certain periods of time?

MR. PACHIKORU: No, Judge.

THE COURT: I would say we could look somewhere in the middle of July for a hearing date. We'll stay away from that last week. So maybe the second or third week of July.

ATTORNEY KAPPELMAN: As long as it's not the 20th through the 23rd, it's fine.

THE CLERK: We have some time on the afternoon of July 15th if that's not -- doesn't sound like it's anyone's week. It's a Wednesday, July 15th. We can do 11:00 a.m.

ATTORNEY KAPPELMAN: Fine with me, Your Honor.

ATTORNEY KELLEHER: That works for me. Thank you.

THE COURT: Sir, does that work for your calendar?

MR. PACHIKORU: Yes, Judge.

THE COURT: Then we have a date -- July 15th at 11:00, a.m. -- on the motion to dismiss. Thank you all very much.

(Whereupon the hearing concluded.)

CERTIFICATE OF OFFICIAL REPORTER

I, Jessica Leonard, Certified Shorthand Reporter and Federal Certified Realtime Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter, to the best of my skill and ability.

Dated this 29th day of July, 2026.

/s/ Jessica M. Leonard

Jessica M. Leonard, CSR, FCRR

Official Court Reporter